OPINION OF THE COURT
Arthur J. Abrams, J.
Respondent, by notice of motion dated April 11, 1978, moves for an order, pursuant to CPL 160.50, directing the return to him by the Division of Criminal Justice Services and involved law enforcement agencies, all photographs, fingerprints and other identification materials taken or made of respondent and the sealing of all official records and papers relating to respondent’s arrest and prosecution in this matter.
The provisions of CPL 160.50 are "triggered” by the termination of a criminal proceeding within the meaning of one of *1072 the nine paragraphs ([a] through [j], inclusive) of subdivision 2 of the said section. The facts herein involved an alleged assault in the third degree (violation of Penal Law, § 120.00, subd 1) which petitioner commenced by misdemeanor information in the District Court of the County of Suffolk. The purported incident in question involved a husband and wife and occurred on August 26, 1977. Accordingly, the matter was transferred to the Family Court for hearing. After transfer to the Family Court and after several adjournments, the petition was dismissed for failure of prosecution.
Clearly, the case has been disposed of and had the matter been heard in a criminal court, it would have been dismissed pursuant to CPL 170.30. In that context, the provisions of CPL 160.50 would have come into play and the motion herein granted without question. We note, however, that the CPL is applicable to criminal proceedings only (see CPL 1.10). What then when confronted with a Family Court Act article 8 proceeding which is civil in nature? We know of no case in point, however, reasoning by analogy may prove to be of aid.
In Matter of Tony W. (91 Misc 2d 700, 701) the provisions of CPL 160.50 were held applicable in a juvenile delinquency matter on the theory "that the constitutional guarantee of 'due process and fair treatment’ requires that courts accord the juvenile in a delinquency proceeding the protections accorded in adult criminal proceedings”. Is the reasoning of Matter of Tony W. any less applicable here?
CPL 160.50 was enacted to protect the rights of individuals and to give validity to the phrase "presumption of innocence” (NY Legis Ann, 1976, p 408). Surely, that purpose would be defeated by a denial of the application herein. Under what philosophy could one justify denying the respondent the relief sought herein when the same undoubtedly would have been granted him had the case remained in the District Court? To our mind, there is no such justification; it would be inequitable and violative of due process to afford a respondent in a Family Court (family offense) matter less rights than a defendant in a criminal court (assault) matter merely because of a legislative fiat which had as its function the decriminalization of the act at issue.
Section 811 of the Family Court Act sets forth the finding and purpose of the article 8 proceeding and while the section has been somewhat modified by chapter 449 of the Laws of 1977 (eff Sept. 1, 1977) the purpose of article 8 still remains *1073 fundamentally the same. The existence of an arrest record can have a chilling effect economically and socially upon an arrested individual as well as his family. The dismissal of a family offense petition without eradication of the arrest record which arose therefrom would constitute a blatant disregard of the legislative direction of "practical help” which is alluded to in section 811 of the Family Court Act.
The District Attorney’s office has advised the clerk in writing that it "takes no position with regard to the motion now pending before the Honorable Arthur J. Abrams.” This court opines that it has the authority and obligation to grant the respondent’s motion. Accordingly, the clerk of the court is directed to prepare an order under CPL 160.50 and have the same served upon the Commissioner of the Division of Criminal Justice Services and the other appropriate law enforcement agencies involved to carry forth the relief sought herein.